## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MIMOSA PHAM,                           :
     Plaintiff,                      :
                                  :       CIVIL ACTION NO.
v.                                     :       3:09-cv-1869 (CFD)
                                  :
STATE OF CONNECTICUT                   :
DEPARTMENT OF CHILDREN                 :
& FAMILIES,                            :
     Defendant.                      :

## RULING ON MOTION TO DISMISS

## I.    Introduction

The plaintiff, Mimosa Pham ("Pham"), has brought a Title VII discrimination claim, based on race, color, age and national origin, as well as an Age Discrimination in Employment Act ("ADEA") claim against the State of Connecticut's Department of Children and Families ("DCF"). Both claims arise from circumstances surrounding Pham's two and half month employment at DCF in 2008. The defendants have filed a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction over the ADEA claim because the Eleventh Amendment to the U.S. Constitution bars Pham from bringing an ADEA claim against the State of Connecticut's Department of Children and Families. For the reasons that follow, defendant's Motion to Dismiss is granted.

## II.    Background

Pham, an Asian woman born in 1949, was hired in April 2008 for a provisional four month "Working Test Period" by the Grants Development and Contract Management Division of the Department of Children and Families ("DCF"). Pham had previously been employed by the

Connecticut Department of Transportation and the DCF position was considered a promotional transfer.

Pham alleges that from the outset of her employment at DCF, she encountered problems. For example, her desk telephone was assigned two different numbers, one of which was listed on public directories as the appropriate number for adoption inquiries, an area of DCF responsibility Pham had no association with or knowledge about. Pham insists that redirecting various misplaced calls consumed valuable time and was detrimental to her productivity. Pham also claims that unlike other employees, she was not given full access to the Contract Division's shared email drives, and, as a result, was forced to rely on co-workers to forward her assignments. Additionally, Pham was assigned a parking spot in DCF's Cedar Street parking lot. Pham asserts that younger, Caucasian co-workers received parking permits for the DCF lot located on Hudson Street, a more desirable location. According to Pham, these placements contravene DCF policy which assigns parking permits based on state seniority. On June 18, 2008, Pham received only a "Fair" rating by her supervisor, Gregory Straka, on a job performance evaluation. As a result of this score, her employment with DCF was terminated and she was transferred back to the Department of Transportation. Pham left DCF on June 30, 2008.

Pham filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Pham then filed suit in this Court on November 18, 2009. DCF filed a Motion to Dismiss, claiming insufficient service of process and lack of subject matter jurisdiction due to Eleventh Amendment immunity as to the ADEA claim. Pham then filed and properly served an Amended Complaint. In its reply memorandum, DCF conceded proper service and is only pursuing that portion of its Motion to Dismiss which concerns the ADEA

claim.

### III. Applicable Law and Discussion

Rule 12(b)(1) of the Federal Rules of Civil Procedure states that a claim may be

dismissed from federal court for lack of subject matter jurisdiction. The Eleventh Amendment of

the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extent to any suit in law
> or equity, commenced or prosecuted against one of the United States by Citizens of
> another State, or by Citizens or Subjects or any Foreign State.

U.S. Const. amend. XI. The United States Supreme Court has interpreted this language to bar

federal jurisdiction over suits against the states, unless a state has expressly waived immunity or

Congress authorizes such a suit through Section Five of the Fourteenth Amendment. See Kimel

v. Florida Bd. of Regents, 528 U.S. 62, 73, 87-90 (2000).

### 1. The ADEA Does Not Abrogate the States' Eleventh Amendment Sovereign Immunity.

The United States Supreme Court addressed the relationship between the Age

Discrimination in Employment Act ("ADEA") and the Eleventh Amendment in Kimel v. Florida

Bd. of Regents, 528 U.S. 62 (2000). In response to language in the ADEA that could permit

private suits against the states[1], the Supreme Court held that the ADEA does not abrogate the

immunity of the states because it was not passed as an exercise of Congress's Section Five

powers. The Court explained:

> In light of the indiscriminate scope of the Act's substantive requirements, and the lack of
> evidence of widespread and unconstitutional age discrimination by the States, we hold

---

[1] The ADEA provides: "The term 'employer' means ... a State or political subdivision of
a State and any agency or instrumentality of a State or a political subdivision of a State, and any
interstate agency". See 29 U.S.C. § 630(b).

that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid.

Kimel, 528 U.S. at 631. Thus, an ADEA claim may only be brought against a state when there has been an express waiver of immunity[2]. The Supreme Court also noted that most plaintiffs wishing to pursue age discrimination claims against their state governments have alternatives, namely state statues that prohibit age discrimination. Id. at 91.

    **2.    DCF is the "State" for Eleventh Amendment Purposes and Connecticut Has Not Consented to Suit.**

    Only two inquiries are thus necessary to decide if this Court possesses subject matter jurisdiction over Pham's ADEA claim. First, is Connecticut's Department of Children and Families the "state" for the purposes of the Eleventh Amendment? Second, has Connecticut waived its sovereign immunity? As to the first question, it is clear that DCF is indeed the "state" for Eleventh Amendment immunity purposes. The Eleventh Amendment extends immunity not only to the states, but also to entities considered "arms of the state," generally meaning state agencies. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)("There may be a question, however, whether a particular suit in fact is a suit against a State. It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Further, the Second Circuit concluded in 2009 that the Connecticut Department of Children and Families (DCF) is entitled to Eleventh Amendment protection. See Bhatia v. Connecticut Dept. of Children and Families, 317 Fed.Appx. 51 (2nd Cir. 2009)("The named defendant, as a state

---

    [2] The Second Circuit followed the direction of the Supreme Court in McGinty v. New York, 251 F.3d 84 (2nd Cir. 2001).

- 4 -

agency, is not susceptible to liability...because states agencies are entitled to Eleventh Amendment immunity.")

Thus, the only question remaining is whether Connecticut has consented to suit. Defendant's Motion to Dismiss states that Connecticut has not consented to suit. <u>See</u> Def.'s Mot. to Dismiss pg 4, Jan. 14, 2010, ECF No. 11. As Pham has not presented any contradictory evidence disputing this assertion, this Court concludes that the State of Connecticut has not waived its sovereign immunity. As a result, DCF's Eleventh Amendment prohibition applies and this Court does not possess subject matter jurisdiction over Pham's ADEA claim.

## IV.    CONCLUSION

For the reasons set forth above, Pham's Age Discrimination in Employment Act claim against the State of Connecticut's Department of Children and Families is DISMISSED, pursuant to Federal Rule 12(b)(1), for lack of subject matter jurisdiction. Pham's Title VII claims remain.

**SO ORDERED.**

Dated this 15th day of October 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE